■ MISCILAW J. JOZWIAK, Respondent, v. ADAM JOZWIAK, Appellant, et al., Defendant.— Appeal from a judgment of the County Court of Columbia County in favor of plaintiff, entered August 9, 1955, upon a decision of the court on a trial at Special Term which (1) reformed a deed by striking therefrom the name of defendant Adam Jozwiak as one of the grantees and (2) dismissed said defendant's counterclaim for partition. Respondent and defendant Land Bank entered into a contract dated December 23, 1940, for the purchase and sale of a farm. Appellant accompanied respondent, who is his son, to the office of the Land Bank representative at the time the contract was negotiated. Appellant testified that it was there agreed that the contract should be executed to him and to his son as purchasers. This the son denies. The representative has no recollection of the conversation. The son, who was then and for over fourteen years thereafter in the military service, made the down payment on the contract and thereafter remitted monthly to his father the moneys with which the contract payments and taxes and other charges against the realty were paid. On December 1, 1945, the Land Bank executed a deed to respondent and prepared a purchase-money mortgage, bearing the same date, to be executed by him. Some time thereafter appellant's name was added to the deed as an additional grantee and the mortgage form was amended to name appellant as one of the mortgagors. Neither of the parties nor the Land Bank representative who testified was able to state who caused these alterations to be made. Respondent did not see the deed until 1955. It is clear that the father's signature was not upon the mortgage when the son executed it while on duty in foreign waters and it is a reasonable inference from the evidence that at that time the father's name

was not therein recited as a party. The trial court was entitled to find vague and unconvincing much of appellant's testimony, which was further weakened by proof of his testimony taken February 28, 1945, in a proceeding supplementary to execution, wherein a number of his answers denied his possession of any interest in the farm or its produce and asserted that respondent was the owner and his employer. We find the decision in no way contrary to the weight of the evidence. Upon the proof, respondent was entitled to the reformation directed. (*Haack* v. *Weicken,* 118 N. Y. 67.) Appellant's contention that reformation of the deed without a corresponding reformation of the bond and mortgage, to which his personal liability is pledged, was improper as causing a result inequitable to him, appears without merit. No obligation, in law or in equity, rested upon respondent to seek a reformation in that respect, even if it be assumed he might properly have done so. Further, the supposed inequitable result followed appellant's either causing, or knowingly acquiescing in, the wrongful alterations of the title instruments. Judgment unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.